UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CRYATAL RAUCCI-ROBERT,  et al.  )
                               )
        Plaintiffs,          )
                               )
      v.                   )         No. 2:26-cv-00058-JAW
                               )
FRANK ROBERT, et al.,      )
                               )
        Defendants.      )

## ORDER AFFIRMING RECOMMENDED DECISION OVER OBJECTION

On February 2, 2026, Crystal Raucci-Robert filed a complaint against Frank Robert, Lee Robert, DCS TN[1], D. Mitchell Bryant, the Meigs County Courthouse, and Judge Casey Stokes.  *Compl.* (ECF No. 1).  Ms. Raucci-Robert also filed an application to proceed without prepayment of fees, *Appl. to Proceed Without Prepayment of Fees and Aff.* (ECF No. 3), which the Magistrate Judge granted.  *Order Granting Mot. to Proceed Without Prepayment of Fees and Costs* (ECF No. 5).

Ms. Raucci-Robert claims a denial of due process, violations of civil rights, and discrimination; she also alleges that Lorenzo Marcano was taken out of Maine by false allegation.  *Compl.* at 3.  On February 17, 2026, the Magistrate Judge reviewed Ms. Raucci-Robert's complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended this Court dismiss Ms. Raucci-Robert's complaint as legally insufficient. *Recommended Decision after Review of Pl.'s Compl.* at 6-7 (ECF No. 6) (*Recommended Dec.*).

---

[1]    The Court gathers that Ms. Raucci-Robert here refers to the Tennessee Department of Children's Services.

On February 24, 2026, Ms. Raucci-Robert filed an objection. *Obj. to Dismiss Compl.* (ECF No. 7) (*Pl.'s Obj*). Later that day, and on February 26, 2026, Ms. Raucci-Robert filed additional documents with the Court. *Add'l Attachs.* (ECF No. 8); *Add'l Attachs.* (ECF No. 9); *Add'l Attachs.* (ECF No. 10).

The Magistrate Judge's recommended decision states that "Plaintiff's allegations are insufficient to support a claim" as they are conclusory and do not "allege any facts that would support an actionable claim against a named defendant." *Recommended Dec.* at 2-3. The Magistrate Judge also points out that even if Ms. Raucci-Robert alleged more facts, the *Rooker-Feldman*[2] doctrine—restricting federal review of state court decisions submitted by the party who lost at the state level—requires dismissal. *Id.* at 3.

In her objection, Ms. Raucci-Robert summarizes the removal statute at 28 U.S.C. § 1446, cites the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), and discusses the Supreme Court case of *Troxel v. Granville*, 530 U.S. 57 (2000). *Pl.'s Obj.* at 1-6.[3] She also provides more detail about the custody dispute at the center of her complaint. *Id.* at 3. The Court takes Ms. Raucci-Robert to object to the entirety of the Magistrate Judge's recommendation.

28 U.S.C. § 1446, the removal statute that Ms. Raucci-Robert cited, is not relevant to these proceedings because this case was not removed from state court but

---

[2]     *See infra* note 5.

[3]     While Ms. Raucci-Robert's summaries are accurate, they appear to be AI generated given the awkward formatting and generic statements. The Court cautions Ms. Raucci-Robert against relying on copy-paste AI results as it can lead to fictitious or erroneous citations.

initiated directly in this court by Ms. Raucci-Robert. Regarding Ms. Raucci-Robert's citation of the UCCJEA, Maine has adopted the UCCJEA, *see* 19-A M.R.S. § 1731 *et seq.*, but the Court does not read this law as providing for federal court jurisdiction over this controversy.[4] In *Troxel*, 530 U.S. at 57-102, the United States Supreme Court discussed parental and grandparental rights over children, but the case came to the Supreme Court through Washington State courts, not through the federal courts, and the Court does not view *Troxel* to answer why this Court, as opposed to a state court, has jurisdiction over Ms. Raucci-Robert's child custody dispute or why this Court's involvement is not barred by the *Rooker-Feldman* doctrine[5].

The Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v.*

---

[4] The Maine version of the Uniform Child Custody Jurisdiction and Enforcement Act contains a definition of "Court," which states that "'Court' means an entity authorized under the law of a state to establish, enforce or modify a child custody determination." 19-A M.R.S. § 1732(6). Maine law entrusts the Maine District Courts with authority over divorces, 19-A M.R.S. § 901(1), including the right to issue custody and visitation orders regarding minor children. *See* 19-A M.R.S. § 1653(2)(D)(1). Maine state law does not contemplate any role of the United States District Court in resolving custody disputes.

Congress adopted the Hague Convention as part of federal law, *see* 22 U.S.C. §§ 9001-9011, which provides that a federal trial court only determines the proper forum for custody proceedings when there is an international custody dispute, and "[i]t is the job of the courts of [the child's habitual residence], not the district court, to 'make the appropriate custodial and family law determinations.'" *Da Silva v. de Aredes*, 953 F.3d 67, 77 (1st Cir. 2020) (quoting *Mauvais v. Herisee*, 772 F.3d 6, 21 (1st Cir. 2014)). There is no basis under the Maine's version of the UCCJEA for this Court to assume jurisdiction over a family custody dispute.

[5] The *Rooker-Feldman* doctrine, named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), prohibits "the lower federal courts from exercising jurisdiction over cases brought by" parties who lost in state court and who are "challenging state-court judgments rendered before the district court proceedings commenced," *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citation and quotation marks omitted), because "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Gov't of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

*Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. Having made a de novo determination of "disputed portions of the report and recommendation," the Court affirms the Recommended Decision of the Magistrate Judge over Ms. Raucci-Robert's objections and dismisses the case. *See J.C.D.*, 861 F.3d at 6. Thus, consistent with the Magistrate Judge's recommendation and for the same reasons set forth in the recommended decision, the Court AFFIRMS Recommended Decision After Review of Plaintiff's Complaint (ECF No. 6) and DISMISSES Crystal Raucci-Robert's Complaint (ECF No. 1).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2026

4